IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-CR-3252 MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| MYLAN SKYE VELARDE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE**

Mylan Skye Velarde, Defendant, by and through undersigned counsel Aric G. Elsenheimer, moves the court to continue the jury trial currently scheduled for February 8, 2016, and to vacate and reschedule all other deadlines and settings, including motions and pleadings deadlines. Mr. Velarde respectfully requests that this matter be continued for an additional thirty days. In support, Mr. Velarde states:

1.    Defendant entered a plea of not guilty to the indictment on December 8, 2015.

2.    Trial in this matter is currently scheduled for February 8, 2016. Pursuant to the Court's December 9, 2015 scheduling order, motions to continue are due by January 25, 2016.

3.    Mr. Velarde respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Velarde requests an additional 30 days from the current setting to prepare for trial. Thirty days is the minimum amount of time that is required to adequately prepare for trial.

4.    A continuance of thirty days is necessary for counsel to complete the following tasks:

A)      To continue to pursue an investigation into this matter. Mr. Velarde's counsel still requires time to interview witnesses in this case, and to consult with and retain, if necessary, any expert witnesses that may be necessary for his defense. As this case involves allegations of physical injury, an expert may be necessary to examine the claimed injuries and the extent and/or severity of those injuries.

B)      To continue plea negotiations with the government. It is believed that a negotiated resolution may be possible and that additional time is necessary to pursue such negotiations.

5.      Mr. Velarde's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Velarde will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

6.      Mr. Velarde agrees with this continuance and will not be prejudiced by this continuance. Counsel has discussed with Mr. Velarde his rights under the Speedy Trial Act and Mr. Velarde understands the need for a continuance and respectfully requests that the court continue his trial for the thirty days requested by counsel.

7.      Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial.  *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to thoroughly review all of the discovery in this matter and to complete an investigation. Additionally, a continuance of the deadlines and jury trial will provide the parties time to discuss a possible negotiated resolution. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Velarde by providing him access to a more favorable resolution of this case. This motion is not predicated upon the congestion of the Court's docket.

8.      Counsel for the government, Niki Tapia-Brito, does not oppose this motion.

WHEREFORE, Mr. Velarde, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

***Electronically filed January 15, 2016***
/s/ Aric G. Elsenheimer
Assistant Federal Public Defender

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Niki Tapia-Brito, Assistant United States Attorney.

***Electronically filed January 15, 2016***
/s/ Aric G. Elsenheimer
Assistant Federal Public Defender